United States Steel Corporation, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued May 10, 1974 before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*James T. Carney,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, June 13, 1974:

The raw facts of this important unemployment compensation case are not in dispute. The Bureau of Employment Security, the referee, and the Board of Review (by a divided vote of 2-1) awarded unemployment compensation based on the conclusion that claimants' unemployment resulted from a lockout. Appellant based this appeal on the ground that from the raw facts, the record will not support the Board of Review's conclusion that the unemployment resulted from a lockout. We cannot agree and must affirm the Board of Review.

The legal question for us to resolve is stated accurately in appellee's brief: "When the appellant ceased operations at its steel plant in anticipation of the expiration of a labor-management agreement, but in the absence of any strike notice or actual work stoppage by the claimants, is the unemployment of said claimants the result of a lockout within the meaning of Section 402(d) of the Law, 43 P.S. 802(d)?"[1]

On May 24, 1971, the United Steelworkers of America, using appropriate provisions of their contract, notified appellant it would terminate the existing

---

[1] Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(d).

contract on August 1, 1971, and requested meetings with appellant to negotiate a new agreement. On July 28, 1971, appellant proposed a new contract. On July 29, 1971, this proposed contract was rejected. Appellant made preparation for an orderly shutdown of its facilities by midnight, July 31, 1971. What are characterized in the stipulation of the parties as "intense negotiations" were taking place during this terminal period of the contract. On the evening of July 31, 1971, the union notified the appellant that it would postpone any strike action for a twenty-four hour period, and that its members would report to work.

Significantly, and from the other facts in the record, accurately, the stipulation expressly stated: *"At no time during the period July-August, 1971, did these claimants or other Union-represented employees of the employer engage in a strike against the employer nor did the Union serve an official strike notice on their behalf."* (Emphasis supplied.) An agreement was reached on the afternoon of August 1, 1971, before the expiration of the twenty-four hour period.

As a result of the orderly shutdown, properly characterized by the Board of Review as not being used by the company as a bargaining tool or weapon against the union, claimants' unemployment, beginning August 1, 1971, was the result of the action of the company. The Board of Review found this action to be a lockout within the definition of our Supreme Court in *Vrotney Unemployment Compensation Case,* 400 Pa. 440, 163 A. 2d 91 (1960). We agree.

The test set forth in *Vrotney* by Justice COHEN, speaking for a unanimous court, is ". . . whether the work stoppage is the responsibility of the employer or the employees is reduced to the following: Have the employees offered to continue working for a reasonable time under the pre-existing terms and conditions of employment so as to avert a work stoppage pending

the final settlement of the contract negotiations; and has the employer agreed to permit work to continue for a reasonable time under the pre-existing terms and conditions of employment pending further negotiations? If the employer refuses to so extend the expiring contract and maintain the status quo, then the resulting work stoppage constitutes a 'lockout' and the disqualification for unemployment compensation benefits in the case of a 'stoppage of work because of a labor dispute' does not apply." 400 Pa. at 444-45, 163 A. 2d at 93-94.

Appellant relies on a line of cases in the Superior Court which are not controlling in view of the Supreme Court decision. It might be appropriate to observe that cases which hold that the period for an orderly process of shutdown prior to a strike is not a lockout, and the period of time necessary to start up after a strike is not a lockout are hardly authority for such periods not being a lockout when there has not been a strike.

No serious argument has been made, nor could it be, that the one-day extension was unreasonable since, in fact, the agreement was reached within the one day. We are not holding that in every instance a one-day or a day-to-day extension of a strike "deadline" is reasonable. We are holding that under these facts, where there has been no strike notice and the agreement is reached within one day, the Board's action in finding it not unreasonable could not be characterized as capricious.

Accordingly, we enter the following

### ORDER

Now, June 13, 1974, the order of the Unemployment Compensation Board of Review, affirming the decision of the referee and awarding benefits, is affirmed.

Judge MENCER dissents.